NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

REGINO CALVO, PETITIONER, v. SHERWIN WILLIAMS
COMPANY, RESPONDENT.

For the petitioner, *George W. Allgair.*

For the respondent, *Arthur I. Robinson.*

The petitioner and respondent, by their attorneys, stipulated that the petitioner contracted lead poisoning while in the employment of the respondent; that the petitioner was incapacitated and out of work as a result of his illness from March 27th, 1928, to June 15th, 1928; that petitioner was earning as a weekly wage the sum of $24.75 during the time of his employment and that petitioner was entitled to compensation from the respondent from March 27th, 1928, to June 15th, 1928, at the rate of $16.50 per week.

This stipulation so reduced the matters in issue as to only leave open the question as to whether or not petitioner was entitled to have his doctors' bill and hospital bills paid by the respondent.

Dr. A. Levy and Dr. Benjamin Borow of Bound Brook, New Jersey, witnesses produced in behalf of the petitioner, testified that the petitioner was so ill and was suffering from lead poisoning to such a degree as to make it impossible for him to be treated in his home, and that in order to give petitioner proper care and attention it was necessary to remove him to a hospital, both of these doctors testified to the effect that

a Mr. Somerville, the general manager of the respondent company, was notified as to the circumstance on the 4th day of April, 1928, prior to the rendition of these services. Dr. Levy and Dr. Borow also stated that a reasonable charge for these services rendered to the petitioner was the sum of $75 for the medical treatment and the sum of $160 for the hospital care and attention.

Mr. Somerville, the general manager of the defendant company, a witness produced by the respondent, testified that he visited the petitioner at the Bound Brook Hospital sometime in the latter part of April and at that time saw that the petitioner was suffering from lead poisoning and was in such a condition as to require further medical assistance and care. Mr. Somerville, however, emphatically denied any conversation with Dr. Levy and Dr. Borow prior to the admission of the petitioner to the Bound Brook Hospital, and stated that he never authorized the rendition of medical or hospital services to the petitioner.

Dr. Mack, a witness produced in behalf of the respondent, testified as to the number of cases of lead poisoning that he personally treated and stated that in his experience he had not found it necessary to remove any of his patients to a hospital in order to give them proper treatment, but the doctor admitted that the degree of lead poisoning might be such as to require such attention, and further stated that in some instances those suffering from lead poisoning die.

I am satisfied after a consideration of the entire evidence in the case that the petitioner was in such a condition physically as the result of his illness that he needed both medical and hospital care and attention, and it appears to my satisfaction that the respondent consented to this treatment and authorized the rendition of the necessary services to the petitioner, and having made that determination I do hereby order and direct the respondent to pay to the Bound Brook Hospital of Bound Brook, New Jersey, the sum of $160 for the services rendered by that institution to the petitioner, to Dr. Benjamin Borow and Dr. A. Levy for professional services rendered to the petitioner the sum of $75, to Dr. A. Levy

for his services as a witness at the hearing in petitioner's behalf the sum of $25, to Dr. Benjamin Borow, for his services as a witness at the hearing in petitioner's behalf the sum of $25, to Regino Calvo as compensation for his injuries eleven and four-sevenths (11 4/7) weeks of compensation at the rate of $16.50 per week, to George W. Allgair, attorney of the petitioner, the sum of $50 as counsel fees, and to the said George W. Allgair the further sum of $5 as reimbursement for his payment to the stenographer in attendance at the hearing.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

CHARLES E. CORBIN,
*Deputy Commissioner.*